**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| INGENICO INC., | § | |
| | § | |
| Plaintiff | § | Civil Action No. 4:25-cv-1368 |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| NEAR FIELD ELECTRONICS LLC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Ingenico Inc. ("Ingenico"), by and through the undersigned counsel, for its Original Complaint against Near Field Electronics LLC ("NFE"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for a declaratory judgment of non-infringement of United States Patent Nos. 6,691,201 ("the '201 Patent"), 6,742,071 ("the '071 Patent"), 6,959,350 ("the '350 Patent"), 6,996,727 ("the '727 Patent"), and 7,373,531 ("the '531 Patent") (collectively, "the Asserted Patents") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code.

2.     This action arises from NFE's ongoing efforts to disrupt Ingenico's relationships with its valued customers by aggressively and repeatedly asserting unfounded claims of patent infringement through lawsuits targeting Ingenico payment terminal devices (the "Accused Ingenico Products") and Ingenico's customers' use of the same.

3.     Ingenico seeks relief to resolve the controversy between the real parties in interest, NFE and Ingenico, to protect Ingenico's customer relationships and to remove the uncertainty and false accusations of patent infringement targeting the Accused Ingenico Products. Ingenico asks

this Court to eliminate the harm and risk Ingenico has faced, and continues to face, from NFE's ongoing litigation campaign by declaring that: (i) the Accused Ingenico Products have not and do not infringe the Asserted Patents; (ii) uses of the Accused Ingenico Products have not and do not infringe Asserted Patents; and (iii) the Asserted Patents are invalid.

### THE PARTIES

4.      Ingenico, a leading provider of secure payment solutions, is a corporation organized and existing under the laws of the state of Georgia with a principal place of business in Alpharetta, Georgia.

5.      Ingenico's product portfolio includes the Accused Ingenico Products, which comprise at least the Ingenico Lane/7000 and Lane/3000 payment terminals used by retailers to process customer credit card transactions.



6.      Intellectual property is important to Ingenico. Ingenico invests in research and development and maintains its own patent portfolio. Similarly, Ingenico respects the intellectual property of others.

7.      Ingenico also values its reputation in the marketplace and maintaining strong relationships with its customers.

8.      Upon information and belief, NFE is a non-practicing entity and limited liability company organized under the laws of the State of Texas. Upon information and belief, NFE maintains a registered agent and registered office in the State of Texas.

9.      Upon information and belief, NFE does not make, use, sell, or offer for sale any products in the United States.

10.     Upon information and belief, none of the named inventors on the Asserted Patents is currently or ever has been an employee of NFE.

11.     Upon information and belief, NFE's business activities primarily comprise enforcing and licensing its patent portfolio, including through litigation.

## THE ASSERTED PATENTS

12.     The '201 Patent is entitled "Dual Mode USB-PS/2 Device." Ex. A is a true and correct copy of the '201 Patent.

13.     NFE asserts it is the assignee and owner of the right, title, and interest in and to the '201 Patent.

14.     The '201 Patent has expired.

15.     The '071 Patent is entitled "Real-time I/O processor used to implement bus interface protocols." Ex. B is a true and correct copy of the '071 Patent.

16.     NFE asserts it is the assignee and owner of the right, title, and interest in and to the '071 Patent.

17.     The '071 Patent has expired.

18.     The '350 Patent is entitled "Configurable USB Interface with Virtual Register Architecture." Ex. C is a true and correct copy of the'350 Patent.

19.     NFE asserts it is the assignee and owner of the right, title, and interest in and to the '350 Patent.

20.     The '350 Patent has expired.

21.     The '727 Patent is entitled "Power Supply for Universal Serial Bus Interface with Programmable Bus Pullup Resistor." Ex. D is a true and correct copy of the '727 Patent.

22.     NFE asserts it is the assignee and owner of the right, title, and interest in and to the '727 Patent.

23.     The '727 Patent has expired.

24.     The '531 Patent is entitled "Signal detection method, frequency detection method, power consumption control method, signal detecting device, frequency detecting device, power consumption control device and electronic apparatus." Ex. E is a true and correct copy of the'531 Patent.

25.     As of the date of this Complaint, the '531 Patent has not expired.

26.     NFE asserts it is the assignee and owner of the right, title, and interest in and to the '531 Patent.

**NFE's Litigation Campaign**

27.     NFE has filed, and presently maintains, multiple lawsuits in this District alleging infringement of the Asserted Patents against direct and indirect customers by way of their use of Accused Ingenico Products including: (i) The Pittsburg Paints Co. ("PPC"); (ii) Foot Locker, Inc. ("Foot Locker"); (iii) New Balance Athletics, Inc. ("New Balance"); and (iv) AutoZone, Inc. ("AutoZone"), (collectively, the "Ingenico Customer Defendants").

28.     These lawsuits, hereinafter the "Customer Lawsuits," include:

i.     *Near Field Electronics LLC v. PPG Indus., Inc*., Case No. 1:25-cv-00324-MJT, (the "PPC Lawsuit"), Ex. F (PPC Lawsuit Complaint);

ii.     *Near Field Electronics LLC v. Foot Locker, Inc*., Case No. 2:25-cv-00708-RWS (the "Foot Locker Lawsuit"), Ex. G (Foot Locker Lawsuit Complaint);

iii.     *Near Field Electronics LLC v. New Balance Athletics, Inc*., Case No. 4:25-cv-00711-RWS, (the "New Balance"), Ex. H (New Balance Lawsuit Complaint); and

iv.     *Near Field Electronics LLC v. AutoZone, Inc*., Case No. 4:25-cv-00911-RWS, (the "AutoZone Lawsuit"), Ex. I (AutoZone Lawsuit Complaint).

29.     NFE also initiated the case captioned *Near Field Electronics LLC v. Visionworks of America, Inc., et al.*, Case No. 4:25-cv-0660-RWS, identifying an Accused Ingenico Product. That case has been dismissed with prejudice.

30.     While NFE has not named Ingenico as a defendant in any of the Customer lawsuits, the complaints in the Customer Lawsuits identify the Accused Ingenico products.

31.     In particular, in each Customer Lawsuit Complaint, NFE identifies and includes teardowns of an Accused Ingenico Product in support of its infringement allegations for each Asserted Patent:

**PPC Lawsuit Complaint**



-5-

*see, e.g.,* Ex. F, Dkt. 1-1, p. 3 (accusing the "Ingenico Lane 7000"); 1-2, p. 3 (same); 1-3, p. 3 (same); 1-4, p. 3 (same); 1-5, p. 3 (same);

### Foot Locker Lawsuit Complaint



*see, e.g.,* Ex. G, Dkt. 1-2, p. 3 (accusing the "Ingenico Lane 7000"); 1-4, p. 3 (same); 1-6, p. 3 (same); 1-8, p. 3 (same); 1-10, p. 3 (same);

### New Balance Lawsuit Complaint



*see, e.g.,* Ex. H, Dkt. 1-2, p. 3-4 (accusing the "Ingenico Lane 3000"); 1-4, p. 3 (same); 1-6, p. 3 (same); 1-8, p. 3 (same); 1-10, p. 3 (same) and

**AutoZone Lawsuit Complaint**



*see, e.g.,* Ex. I; Dkt. 1-2, p. 3 (accusing the "Ingenico Lane 7000"); 1-4, p. 3 (same); 1-6, p. 3 (same); 1-8, p. 3 (same); 1-10, p. 3 (same).

32.    Every claim chart in the Customer Lawsuit complaints identifies and includes photographs of the Accused Ingenico Products in reference to the "Accused Instrumentalities." In doing so, NFE has made implicit assertions of infringement against Ingenico.

33.    NFE does not identify payment terminal devices from any other payment terminal manufacturer or supplier, except Ingenico, in the Customer Lawsuit complaints.

34.    NFE alleges that the Ingenico Customer Defendants infringe method claims of the Asserted Patents when the Accused Ingenico Products "are used as intended." *See, e.g.*, Ex. I, ¶ 30.

35.    Ingenico is contractually bound to indemnify and defend at least three Ingenico Customer Defendants – namely, PPC, AutoZone and Foot Locker, in relation to the Customer Lawsuits.

36.    The Customer Lawsuit complaints focus their allegations on the Accused Ingenico Products because they are "equipped with an NXP PN512," an integrated circuit used for contactless communication. *See, e.g.*, Ex. I, Dkt. 1, ¶ 31, 36, 41, 46. NFE alleges the accused

products in the Customer Lawsuits "include, without limitation, any other NFC-capable credit card reader equipped with an NXP PN512 NFC Front-End or NFC front-end components with similar NFC functionality to the NXP PN512." *Id.*

37.    As part of its expansive litigation campaign, NFE has initiated at least 10 other lawsuits in this District alleging infringement of payment terminal devices equipped with the NXP PN512. These additional lawsuits include:

  i.    *Near Field Electronics LLC v. CVS Pharmacy, Inc.*, Case No. 1:25-cv-00323-MJT;

  ii.   *Near Field Electronics LLC v. Enterprise Holdings, Inc. et al.*, Case No. 4:25-cv-00665-RWS;

  iii.  *Near Field Electronics LLC v. RaceTrac, Inc.*, Case No. 4:25-cv-00674-RWS;

  iv.   *Near Field Electronics LLC v. Levi Strauss & Co.*, Case No. 4:25-cv-00710-RWS;

  v.    *Near Field Electronics LLC v. Panda Express, Inc.*, Case No. 4:25-cv-00715-RWS;

  vi.   *Near Field Electronics LLC v. Urban Outfitters, Inc.*, Case No. 4:25-cv-00716-RWS;

  vii.  *Near Field Electronics LLC v. The Pep Boys--Manny, Moe & Jack LLC*, Case No. 4:25-cv-00912-RWS;

  viii. *Near Field Electronics LLC v. Spencer Gifts LLC a/k/a Spencer Gifts Online*, LLC, Case No. 4:25-cv-00913-RWS;

  ix.   *Near Field Electronics LLC v. Trader Joes Co. et al.*, Case No. 4:25-cv-00914-RWS; and

  x.    *Near Field Electronics LLC v. Vans, Inc.*, Case No. 4:25-cv-00915-RWS.

### JURISDICTION AND VENUE

38.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

39.    This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and/or 1367, 2201, and 2202.

40.    The amount in controversy exceeds $75,000. All the allegations contained herein form part of the same case or controversy.

41.    Upon information and belief, NFE purports to own all rights, title, and interest in the Asserted Patents.

42.    Upon information and belief, NFE purports to possess all rights of recovery for allegations of infringement of the Asserted Patents, including recover of alleged damages for past infringement.

43.    General personal jurisdiction is proper over NFE in Texas because it is incorporated in the State of Texas and is therefore a resident of Texas.

44.    Specific personal jurisdiction over NFE is also proper because NFE has purposefully directed activities or transactions to this forum and has performed acts purposefully availing itself of the privilege of conducting activities in this forum related to the subject matter of this case. NFE is a Texas limited liability corporation that has furthered its business goals of enforcing its patents through repeated lawsuits in this District. By electing to file the Customer Lawsuits in this District, NFE has consented to this Court's jurisdiction and convenience as a forum as part of its patent enforcement strategy for the Asserted Patents.

45.    Venue is proper in this district under 28 U.S.C. §§1391 and 1400 (b) and because NFE resides in Texas. Further, on information and belief, NFE regularly operates its business of patent enforcement through lawsuits in this District, and alleges patent infringement based on uses of Ingenico devices within this District.

## EXISTENCE OF AN ACTUAL CONTROVERSY

46.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

47.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

48.     NFE presently maintains four patent infringement lawsuits against parties who use the Accused Ingenico Products, namely, the Customer Lawsuits.

49.     While NFE has not named Ingenico as a defendant in any of the Customer lawsuits, the complaints in the Customer Lawsuits identify the Accused Ingenico products as "Accused Instrumentalities" in relation to each Asserted Patent. Thus, Ingenico is the real party in interest with respect to the Accused Ingenico Products and NFE's infringement allegations against the Ingenico Customer Defendants.

50.     On information and belief, NFE has threatened to, and intends to, initiate additional lawsuits against additional retailers who use payment terminal devices equipped with the NXP PN512, such as the Accused Ingenico Products.

51.     On information and belief, NFE intends to initiate additional lawsuits against other customer-retailers who have used the Accused Ingenico Products, beyond the Ingenico Customer Defendants.

52.     Because the Customer Lawsuits accuse Ingenico products, Ingenico will need to participate in the Customer Lawsuits as they progress, including in relation to discovery and investigation of the infringement allegations.

53.     Further, Ingenico has made, used, offered for sale, sold and/or imported the Accused Ingenico Products and wishes to continue doing so in the future free and clear of false accusations of patent infringement.

54.     While the Customer Lawsuits name only the Ingenico Customer Defendants, Ingenico reasonably believes that NFE could accused Ingenico itself of infringing and/or having infringed, directly or indirectly, the Asserted Patents.

55.    Ingenico is contractually bound to indemnify and defend at least three Ingenico Customer Defendants in relation to the Customer Lawsuits.

56.    Each existing and future Customer Lawsuit has caused, and will continue to cause, harm to Ingenico, including through financial loss, litigation burden, business disruption, reputational damage, and strain on customer relationships.

57.    Ingenico desires to clear its name and its products of NFE's patent infringement allegations to alleviate the existing and future harm Ingenico has faced and will face.

58.    NFE's assertions of patent infringement against Ingenico's customers and products have created uncertainty in Ingenico's customer relationships harmed its reputation in its industry. Ingenico understandably desires to clear this cloud of controversy and maintain its reputation without a license to NFE's patents.

59.    It is not in the substantial interest of justice or an efficient use of judicial resources for Ingenico to be forced to defend itself and its customers from NFE's unjustified patent infringement claims serially and/or in multiple lawsuits.

60.    Based on the above, a justiciable controversy exists between Ingenico and NFE as to whether Ingenico's products, such as the Accused Ingenico Products, and/or the use thereof infringe, or have infringed. the Asserted Patents.

61.    Absent a declaration of non-infringement for Ingenico's products or declaration of invalidity as to the Asserted Patents, NFE will continue to wrongfully allege that Ingenico products infringe or have infringed the Asserted Patents and/or that use of Ingenico products infringes or has infringed the Asserted Patents.

62.     Ingenico reasonably anticipates that NFE will continue to sue Ingenico customers in repetitive cases in various forums increasing the cost of defense to Ingenico and its customers, and will, thereby, continue to cause Ingenico irreparable injury, damage and harm.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '201 PATENT

63.     Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

64.     NFE has asserted that it is the owner of the '201 Patent.

65.     NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '201 Patent.

66.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding infringement to warrant the issuance of a declaratory judgment of non-infringement.

67.     A judicial declaration is necessary and appropriate so that Ingenico may ascertain its rights regarding its products and the '201 Patent.

68.     The Accused Ingenico Products and uses thereof do not infringe and/or have not infringed the '201 Patent and Ingenico has not contributed to or induced infringement of any claim of the '201 Patent because Ingenico products do not practice or embody the limitations of these claims.

69.     By way of example, and without limitation, the Accused Ingenico Products do not infringe, and/or have not infringed, and cannot be, and/or have not been, used to infringe, at least one or more of the following limitations, as recited in claim 14 of the '201 Patent, which NFE has asserted is exemplary:

i.      "automatically selecting a signaling protocol for communicating with a host";

ii.     "detecting a signaling protocol of a bus connected to an integrated circuit that operates in a plurality of signaling protocols"; and

iii.    "configuring said integrated circuit to communicate in one of said plurality of signaling protocols in response to said detected signaling protocol of said connected bus."

70.    For at least these reasons, the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, the '201 Patent.

71.    Ingenico is entitled to a declaratory judgment that the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, either directly or indirectly, literally under the doctrine of equivalents, any claim of the '201 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '071 PATENT**

72.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

73.    NFE has asserted that it is the owner of the '071 Patent.

74.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '071 Patent.

75.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding infringement to warrant the issuance of a declaratory judgment of non-infringement.

76.    A judicial declaration is necessary and appropriate so that Ingenico may ascertain its rights regarding its products and the '071 Patent.

77.    The Accused Ingenico Products and uses thereof do not infringe and/or have not infringed the '071 Patent and Ingenico has not contributed to or induced infringement of any claim the '071 Patent because Ingenico products do not practice or embody the limitations of the claims of the '071 Patent.

78.    By way of example, and without limitation, the Accused Ingenico Products do not infringe, and/or have not infringed, and cannot be, and/or have not been, used to infringe, at least

one or more of the following limitations, as recited in claim 15 of the '071 Patent, which NFE has asserted is exemplary:

i.    "providing an interface to an external bus";

ii.    "generating a plurality of first control signals in response to a current state of a processor";

iii.    "progressing to a next state based on said current state, at least one internal control signal of said first control signals and an input signal received from said external bus";

iv.    "driving at least one output control signal of said first control signals onto said external bus"; and

v.    "updating said current state to said next state."

79.    For at least these reasons, the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, the '071 Patent.

80.    Ingenico is entitled to a declaratory judgment that the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, either directly or indirectly, literally under the doctrine of equivalents, any claim of the '071 Patent.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '350 PATENT

81.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

82.    NFE has asserted that it is the owner of the '350 Patent.

83.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '350 Patent.

84.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding infringement to warrant the issuance of a declaratory judgment of non-infringement.

85.    A judicial declaration is necessary and appropriate so that Ingenico may ascertain its rights regarding its products and the '350 Patent.

-14-

86.     The Accused Ingenico Products and uses thereof do not infringe and/or have not infringed the '350 Patent and Ingenico has not contributed to or induced infringement of any claim of the '350 Patent because Ingenico products do not practice or embody the limitations of the claims of the '350 Patent.

87.     By way of example, and without limitation, the Accused Ingenico Products do not infringe, and/or have not infringed, and cannot be, and/or have not been, used to infringe, at least one or more of the following limitations, as recited in claim 10 of the '350 Patent, which NFE has asserted is exemplary:

i.      "receiving a configuration request from a host requesting particular structure and characteristics of one or more endpoints";

ii.     "forwarding the configuration request to a device processor coupled to the host";

iii.    "receiving configuration values back from the device processor associated with the configuration request"; and

iv.     "using the selected configuration parameters to configure the interface controller."

88.     For at least these reasons, the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, the '350 Patent.

89.     Ingenico is entitled to a declaratory judgment that the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, either directly or indirectly, literally under the doctrine of equivalents, any claim of the '350 Patent.

**COUNT IV**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '727 PATENT**

90.     Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

91.     NFE has asserted that it is the owner of the '727 Patent.

92.     NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed one or more claims of the '727 Patent.

93.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding infringement to warrant the issuance of a declaratory judgment of non-infringement.

94.    A judicial declaration is necessary and appropriate so that Ingenico may ascertain its rights regarding its products and the '727 Patent.

95.    The Accused Ingenico Products and uses thereof do not infringe and/or have not infringed the '727 Patent and Ingenico has not contributed to or induced infringement of any claim of the '727 Patent because Ingenico products do not practice or embody the limitations of the claims of the '727 Patent.

96.    By way of example, and without limitation, the Accused Ingenico Products do not infringe, and/or have not infringed, and cannot be, and/or have not been, used to infringe, at least one or more of the following limitations, as recited in claim 18 of the '727 Patent, which NFE has asserted is exemplary:

i.    "reducing current consumption in a first mode when said voltage comprises a power down voltage level";

ii.    "not reducing current consumption in a second mode when said voltage comprises a standard voltage level"; and

iii.    "pulling up a pullup resistor on a bus external to said power supply device using and a programmable resistor when in said first mode and said programmable resistor is controlled by a register loaded from a nonvolatile memory."

97.    For at least these reasons, the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, the '727 Patent.

98.    Ingenico is entitled to a declaratory judgment that the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, either directly or indirectly, literally under the doctrine of equivalents, any claim of the '727 Patent.

**COUNT V**

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '531 PATENT

99.     Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

100.     NFE has asserted that it is the owner of the '531 Patent.

101.     NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '531 Patent.

102.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding infringement to warrant the issuance of a declaratory judgment of non-infringement.

103.     A judicial declaration is necessary and appropriate so that Ingenico may ascertain its rights regarding its products and the '531 Patent.

104.     The Accused Ingenico Products and uses thereof do not infringe and/or have not infringed the '531 Patent and Ingenico has not contributed to or induced infringement of any claim of the '531 Patent because Ingenico products do not practice or embody the limitations of the claims of the '531 Patent.

105.     By way of example, and without limitation, the Accused Ingenico Products do not infringe, and/or have not infringed, and cannot be, and/or have not been, used to infringe, at least one or more of the following limitations, as recited in claim 2 of the '531 Patent, which NFE has asserted is exemplary:

i.     "detecting a through current flowing through a circuit to which a signal is inputted from an input terminal";

ii.     "determining that the signal is in a first state in which the signal repeatedly goes to a high level and a low level alternately when the through current is detected"; and

iii.     "determining that the signal is in a second state in which the signal is kept at one of a high level and a low level when the through current is not detected in a predetermined period of time."

106.    For at least these reasons, the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, the '531 Patent.

107.    Ingenico is entitled to a declaratory judgment that the Accused Ingenico Products and uses thereof do not infringe, and have not infringed, either directly or indirectly, literally under the doctrine of equivalents, any claim of the '531 Patent.

**COUNT VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '201 PATENT**

108.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

109.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '201 Patent.

110.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding the validity of the claims of the '201 Patent to warrant the issuance of a declaratory judgment of invalidity. Accordingly, there exists an actual and justiciable controversy between the parties regarding the validity of the '201 Patent.

111.    One or more claims of the '201 Patent fail to meet one or more requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

112.    A judicial declaration of invalidity is necessary and appropriate so that Ingenico may ascertain its rights regarding the '201 patent.

**COUNT VII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '071 PATENT**

113.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

114.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '071 Patent.

4936-8693-6702.20

115.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding the validity of the claims of the '071 Patent to warrant the issuance of a declaratory judgment of invalidity. Accordingly, there exists an actual and justiciable controversy between the parties regarding the validity of the '071 Patent.

116.    One or more claims of the '071 Patent fail to meet one or more requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

117.    A judicial declaration of invalidity is necessary and appropriate so that Ingenico may ascertain its rights regarding the '071 patent.

## COUNT VIII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '350 PATENT

118.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

119.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '350 Patent.

120.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding the validity of the claims of the '350 Patent to warrant the issuance of a declaratory judgment of invalidity. Accordingly, there exists an actual and justiciable controversy between the parties regarding the validity of the '350 Patent.

121.    One or more claims of the '350 Patent fail to meet one or more requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

122.    A judicial declaration of invalidity is necessary and appropriate so that Ingenico may ascertain its rights regarding the '350 patent.

## COUNT IX

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '727 PATENT**

123.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

124.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed one or more claims of the '727 Patent.

125.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding the validity of the claims of the '727 Patent to warrant the issuance of a declaratory judgment of invalidity. Accordingly, there exists an actual and justiciable controversy between the parties regarding the validity of the '727 Patent.

126.    One or more claims of the '727 Patent fail to meet one or more requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

127.    A judicial declaration of invalidity is necessary and appropriate so that Ingenico may ascertain its rights regarding the '727 patent.

**COUNT X**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '531 PATENT**

128.    Ingenico repeats and realleges the foregoing paragraphs, as if fully set forth herein.

129.    NFE has asserted that the Accused Ingenico Products, and/or uses thereof, infringe and/or have infringed, one or more claims of the '531 Patent.

130.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding the validity of the claims of the '531 Patent to warrant the issuance of a declaratory judgment of invalidity. Accordingly, there exists an actual and justiciable controversy between the parties regarding the validity of the '531 Patent.

131.    One or more claims of the '531 Patent fail to meet one or more requirements of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

132.    A judicial declaration of invalidity is necessary and appropriate so that Ingenico may ascertain its rights regarding the '531 patent.

**JURY DEMAND**

133.    Ingenico hereby demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Ingenico requests this Court to enter judgment in Ingenico's favor and against NFE as follows:

a)    A declaration that neither Ingenico nor its products, not uses thereof, have infringed or do infringe, under any theory of infringement (including directly, whether individually or jointly, or indirectly, whether contributorily or by inducement) any claim of the Asserted Patents, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

b)    A declaration that the claims of the Asserted Patents are invalid;

c)    Injunctive relief restraining NFE and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, or successors or affiliates, and enjoining them from alleging, representing, threatening, or otherwise stating that Ingenico or Ingenico products or the activities of customers, manufacturers, users, importers, or sellers in relation to Ingenico's products infringes any claims of the Asserted Patents or from instituting or initiating any action or proceeding alleging infringement of any claims of the Asserted Patents against Ingenico or any customers, manufacturers, users, importers, or sellers of Ingenico's products;

d)    Declaring Ingenico as the prevailing party and this case as exceptional, and awarding Ingenico its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

e)    Ordering that NFE pay all reasonable attorneys' fees, expenses, and costs associated with this action; and

f)    Awarding such other and further relief as this Court deems just and proper.

Dated: December 9, 2025

Respectfully submitted,

/s/ Matthew A. Werber

Matthew A. Werber
IL Bar No 6287658
mwerber@nixonpeabody.com
**NIXON PEABODY LLP**

70 W. Madison St., Suite 5200
Chicago, IL 60602
Telephone: 312-977-4458
Facsimile: 844-709-6738

Elizabeth Chiaviello
TX Bar No. 24088913
echiaviello@nixonpeabody.com

Nicole Sims
TX Bar No. 24051343
nsims@nixonpeabody.com
**NIXON PEABODY LLP**

799 9th Street NW
Suite 500
Washington, DC 20001-5327
Telephone: 202-585-8000
Facsimile: 202-585-8080

**COUNSEL FOR INGENICO INC.**